UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11953-RWZ

RAYMOND P. VINNIE

v.

GARY RODEN, *et al.*

MEMORANDUM OF DECISION

July 8, 2011

**ZOBEL, D.J.**

Raymond P. Vinnie petitions pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1993 state conviction for first degree murder and sentence of life imprisonment. Since it is his third such petition and it has not been authorized by the First Circuit as required by 28 U.S.C. § 2244(b), this court lacks subject matter jurisdiction. Respondents' motion to dismiss is therefore allowed.

Vinnie was convicted by a Norfolk county jury of the first degree murder of his then-fiancee's son in 1993. The Supreme Judicial Court affirmed his conviction in 1998. See Commonwealth v. Vinnie, 428 Mass. 161, 698 N.E.2d 896 (1998). The United States Supreme Court denied certiorari on November 16, 1998. See Vinnie v. Commonwealth, 525 U.S. 1007 (1998). He filed his first habeas petition on March 3, 1999, which was denied by this court on the merits on March 25, 2002. See Vinnie v. Maloney, Civ. No. 99-cv-10480-RWZ (D. Mass. Mar. 25, 2002). The First Circuit denied his request for a certificate of appealability and terminated his appeal on

January 31, 2003.  See Vinnie v. Maloney, Nos. 02-11511, 1587 & 2175 (1st Cir. Jan. 31, 2003).

Vinnie filed a second habeas petition on September 27, 2007, which was dismissed without prejudice for lack of jurisdiction since the petition was deemed "second or successive."  See Vinnie v. Bender, Civ. No. 07-11832-JLT (D. Mass. July 15, 2008).  The First Circuit denied permission to file a second petition and terminated proceedings on December 5, 2008.  See Vinnie v. Bender, No. 08-2268 (1st Cir. Dec. 5, 2008).

Vinnie filed this third petition on November 5, 2010.  It, too, is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. Law No. 104-132, 110 Stat. 1214 ("AEDPA").  As Magistrate Judge Dein and Judge Tauro held in dismissing the second petition, before a petitioner may file a "second or successive" habeas corpus application under § 2254, he "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A previous decision on the merits renders any subsequent petition attacking the same judgment of conviction "second or successive."  Pratt v. United States, 129 F.3d 54, 60 (1st Cir.1997).  This requirement "allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward."  Id. at 57 (internal citations omitted).  Such permission is granted only if the prisoner can demonstrate that the proposed second or successive petition is based either on newly discovered evidence or a new rule of constitutional

law. 28 U.S.C. § 2255(h); see also Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).

Vinnie neither requested nor obtained the permission of the First Circuit as required by the statute.

Respondents' Motion to Dismiss (Docket # 7) is ALLOWED. The petition for a Writ of Habeas Corpus (Docket # 1) is DISMISSED for lack of jurisdiction. Petitioner's Request for Declaratory Judgment (Docket # 11) relating to his habeas petition is similarly DISMISSED.

Judgment may be entered accordingly.

    July 8, 2011                                                   /s/Rya W. Zobel
       DATE                                                       RYA W. ZOBEL
                                                           UNITED STATES DISTRICT JUDGE